# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBIN TYRONE CATHCART #325-766,
    Petitioner,

v.                                  CIVIL ACTION NO. PWG-13-626

STATE OF MARYLAND,
    Respondent.

## MEMORANDUM

Respondent State of Maryland moves to dismiss Robin Tyrone Cathcart's petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d), ECF No. 7. Cathcart has responded, arguing his case should be equitably tolled because he could not afford privately retained counsel and therefore relied on the Maryland Public Defender's Collateral Review unit ("Collateral Review") to complete the necessary research and prepare and file his state post-conviction petition. *See* Pet'r's Resp. to Show Cause Order 2–3, ECF No. 9. In response to this Court's order, Cathcart has supplemented his response seeking equitable tolling, and has submitted correspondence that he suggests demonstrates that Collateral Review staff failed to file his state post-conviction petition within one year of his request for assistance, thus allowing the federal limitations period to expire, ECF No. 11. After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth below, I shall dismiss the petition with prejudice as time-barred.

## Procedural History

Cathcart was convicted by a jury sitting in the Circuit Court for Prince George's County, Maryland, of first-degree assault, second-degree assault, and false imprisonment. On January 31, 2005, Cathcart was sentenced to ten years in prison for first-degree assault and life

imprisonment for false imprisonment, to run consecutive to the ten year sentence, but with all but ten years suspended.[1] *See Cathcart v. State*, No. 64 (Md. Feb. 9, 2008), Resp. to Pet. Ex. 3, ECF No. 7-3; Supp. Pet. 1–2, ECF No. 3. Post-judgment requests for review of these sentences were denied in 2005. *See* Docket 8–10, *State v. Cathcart*, No. CT040584X (Md. Cir. Ct. Prince George's Cnty.) ("Docket"), Resp. to Pet. Ex. 1, ECF No. 7-1.

Cathcart's judgment of conviction was affirmed by the Maryland Court of Special Appeals in a reported opinion filed on June 30, 2006. *Cathcart v. State*, No. 2758 (Md. Ct. Spec. App. June 30, 2006), Resp. to Pet. Ex. 2, ECF No. 7-2. This determination was vacated by the Court of Appeals of Maryland on February 9, 2007, and the circuit court was instructed to re-style Cathcart's sentence as two, consecutive ten-year sentences. *Cathcart v. State*, No. 64, 10–11 (Md. Feb. 9, 2007), Resp. to Pet. Ex. 3. On May 24, 2007, the circuit court complied with the Court of Appeals's mandate and imposed a ten-year sentence for false imprisonment consecutive to the ten-year sentence for first-degree assault. *See* Docket 15. Cathcart did not appeal this judgment, which became final for direct appeal purposes on Monday, June 25, 2007.[2] Post-judgment requests for a review of sentence filed in June and July of 2007 were denied on January 3, 2008. *Id.* at 14–15.

On June 11, 2010, Carthcart filed a petition seeking post-conviction relief in the Circuit Court for Prince George's County. *Id.* at 15; Supp. Pet. 3, ECF No. 3. The Circuit Court denied post-conviction relief on June 2, 2011. Docket 16. Leave to appeal that adverse ruling was

---

[1] Because the conviction for second-degree assault merged into the conviction for first-degree assault, that conviction did not affect Cathcart's sentence. *See* Docket 7–8, *State v. Cathcart*, No. CT040584X (Md. Cir. Ct. Prince George's Cnty.), Resp. to Pet. Ex. 1, ECF No. 7-1.
[2] *See* Md. Rule 8-202 (requiring notice of appeal be filed within 30 days of judgment from which appeal is sought).

2

denied by the Court of Special Appeals in an unreported opinion on February 8, 2013. *Cathcart v. State*, No. 973 (Md. Ct. Spec. App. Feb. 8, 2013), Resp. to Pet. Ex. 4, No. 7-4.[3]

It is not disputed that once Cathcart completed state post-conviction review, he promptly filed the instant federal action, dated February 24, 2013. *See* Pet. 9. That diligence, however, does not defeat Respondent's argument concerning the one-year limitations period. *See* Resp. to Pet., ECF No. 7.

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run on the date the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Even if I deemed Cathcart's one-year limitations period properly tolled until the January 3, 2008 conclusion of proceedings relating to his motions for reconsideration of sentence,[4] more than two and one-half years have elapsed before the filing of Cathcart's state post-conviction petition.

To be entitled to equitable tolling, Cathcart must establish that either some wrongful conduct by Respondent contributed to the delay in filing the state post-conviction petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("'[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" (quoting *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000))). Cathcart indicates

---

[3] The court's mandate issued on March 11, 2013. Mandate, *Cathcart v. State*, No. 973 (Md. Ct. Spec. App. March 11, 2013), Resp. to Pet. Ex. 4, ECF No. 7-4.

[4] *Cf. Tasker v. Maryland*, No. AW 11-CV-1869, 2013 WL 425040, at *2 (D. Md. Jan. 31, 2013) *aff'd*, 517 F. App'x 172 (4th Cir. Apr. 4, 2013).

that on April 23, 2008, his appointed appellate attorney advised him to file a post-conviction petition. Pet'r's Resp. to Show Cause Order 1. Cathcart then contacted Collateral Review, whose chief counsel, Scott Whitney, provided him with an application for seeking assistance and advised him that it would "take some time" to review and prepare a petition on his behalf. *Id.* at 2. Cathcart provides a copy of a portion of Collateral Review's response letter and its envelope, bearing a postage date in July, 2008. Correspondence 1–4, Pet'r's Supp. Resp. to Show Cause Order Ex., ECF No. 11-1. The letter clearly sets out the one-year federal limitations period[5] and explains the optionsfor those who wish to preserve the option of timely federal habeas corpus review. *Id.* at 1 ("You have one year from the date of your sentencing or when your date of appeal was ruled upon, whichever date is later, to file a Petition for a Writ of Habeas Corpus in federal court. . . .[W]e can not guarantee that if you request a review of your case by an attorney, that the review will be concluded prior to the expiration of the one-year deadline for filing a petition in federal court.").

Nothing in the record suggests that some extraordinary circumstance prevented Cathcart from filing a post-conviction petition on his own behalf while Collateral Review attorneys

---

[5] Indigent Maryland prisoners are entitled to counsel at their first post-conviction proceeding. *See* Md. Code Ann., Crim. Proc. § 7-108 (2010). I am aware that tremendous caseload and insufficient resources create a situation wherein the public defenders assigned to these proceedings often cannot consult with defendants, obtain transcripts, complete research and interviews, prepare petitions, and provide representation at hearings within one year of completion of a defendant's direct appeal. Also, I am aware that these attorneys advise defendants that they may initiate state post-conviction proceedings on their own while awaiting representation by the Public Defender, in order to preserve their right timely to seek federal habeas corpus relief. This option, while preserving the federal limitations period, creates a situation where counsel's assistance may be limited to preparation for a hearing without the full opportunity to delve into the record and time to more fully develop the grounds to be presented and preserved. *See generally* Order, *Draper v. Warden,* No. RDB-11-298 (D. Md. June 29, 2011).

4

reviewed his case. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Cathcart failed to satisfy his burden to demonstrate that equitable tolling is warranted. Therefore, his claims for habeas corpus relief are time-barred. For the reasons stated herein, the court will deny and dismiss the petition. A certificate of appealability shall not issue because Cathcart has not made a "substantial showing of the denial of a constitutional right."[6]

A separate order shall issue.

September 30, 2013            /S/
Date            Paul W. Grimm
           United States District Judge

---

[6] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Cathcart from requesting a certificate of appealability from the appellate court.